UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ADAN LOPEZ, ZACHARY EANNARINO,
NATHAN GARCIA, NATHAN HILL,
CHRISTOPHER MICHEL, JOSH MIHELCIC,
and SCOTT OUDERKIRK,**

           **Plaintiffs,**

v.     No. 25-CV-1119

**CITY OF SANTA FE**

           **Defendant.**

## COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND THE NEW MEXICO PUBLIC EMPLOYEE RETIREMENT ACT, AND FOR UNJUST ENRICHMENT

COME NOW Plaintiffs Adan Lopez, Zachary Eannarino, Nathan Garcia, Nathan Hill, Christopher Michel, Josh Mihelcic, and Scott Ouderkirk, by and through their counsel of record, Youtz & Valdez, P.C. (Shane Youtz, Stephen Curtice, James Montalbano, Grace Rhodehouse Barberena), and for their Complaint against the City of Santa Fe, submit as follows:

### PARTIES, JURISDICTION, & VENUE

1. Plaintiff Adan Lopez is an adult individual currently residing in Santa Fe, New Mexico, County of Santa Fe.

2. Plaintiff Zachary Eannarino is an adult individual currently residing in Santa Fe, New Mexico, County of Santa Fe.

3. Plaintiff Nathan Garcia is an adult individual currently residing in Albuquerque, New Mexico, County of Bernalillo.

4. Plaintiff Nathan Hill is an adult individual currently residing in Rio Rancho, New Mexico, County of Sandoval.

5. Plaintiff Christopher Michel is an adult individual currently residing in Albuquerque, New Mexico, County of Bernalillo

6. Plaintiff Josh Mihelcic is an adult individual currently residing in Santa Fe, New Mexico, County of Santa Fe.

7. Plaintiff Scott Ouderkirk is an adult individual currently residing in Rio Rancho, New Mexico, County of Sandoval.

8. Plaintiffs are all "employees" as that term is defined in 29 U.S.C. § 203(e) of the FLSA.

9. Defendant City of Santa Fe is an "employer" as that term is defined in 29 U.S.C. § 203(d) of the FLSA.

10. Venue is appropriate in this Court.

11. This Court has jurisdiction pursuant to 28 U.S.C. §1331 because this cause of action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. Sec. 201, et seq.

## FACTUAL ALLEGATIONS

12. Plaintiffs are or have worked as Battalion Chiefs of the City of Santa Fe Fire Department; They all are or were employees of the City of Santa Fe.

13. The City of Santa Fe has misclassified the Battalion Chiefs as exempt from the FLSA overtime requirements. Based on their job duties, they do not meet any of the tests for exempt employees under the FLSA.

14. Battalion Chiefs are explicitly dispatched as part of the initial emergency response team.

15. Battalion Chiefs perform minimal managerial and administrative functions, and the primary duty of Battalion Chiefs is operational and tactical in nature.

16. Pursuant to 29 U.S.C. § 207(k), Defendant has adopted a work period of 14 days for employees in the Fire Department, including Plaintiffs. Pursuant to that designation,

2

non-exempt employees in the Fire Department are entitled to overtime for all hours worked in excess of 106 hours in the 14-day period.

17. Plaintiffs are Shift Working Operational Battalion Chiefs who work 24-hour operational shifts on rotating schedules – this is the typical schedule of other non-exempt personnel rather than the typical schedule of an administrative FLSA exempt position.

18. Plaintiffs do not have independent authority to hire, fire, or discipline personnel.

19. Plaintiffs are required to work mandatory overtime hours.  As a result of the misclassification as FLSA exempt, Plaintiffs are not compensated at the overtime rate for these hours.

20. Due to their schedule, Plaintiffs routinely work more than 106 hours in a 14-day period, but are not compensated at overtime rates for those hours in excess of 106.

21. In some instances, Plaintiffs are required to work additional hours, often to cover staffing shortages; on these occasions Plaintiffs are provided compensatory time rather than straight time pay.

22. If Plaintiffs have reached their maximum allotted compensatory accrual hours, Plaintiff are not compensated at all for this additional work.

23. The Public Employees Retirement Act ("PERA") mandates public employees' retirement contributions.

24. Since July 2021, mandatory overtimes hours can be credited toward PERA.

25. Because of the misclassification, Plaintiffs are not afforded this benefit to their PERA contributions.

## Count I: Violation of the FLSA (29 U.S.C. § 201 *et seq*.)

26. Plaintiffs incorporate herein the previous allegations of this Complaint.

27. Plaintiffs' complaint states a violation of the FLSA for the misclassification of the Battalion Chiefs at the City of Santa Fe.

28. The misclassification of Plaintiffs' position has resulted in the loss of overtime benefits.

29. Plaintiffs have also suffered lost wages for hours worked without pay of straight time, overtime, or compensatory time.

30. As a result of such violations, Plaintiffs are entitled to the damages, fees, and expenses as set out in the Fair Labor Standards Act, 29 U.S.C. § 216.

31. Defendant's failure to pay wages due was willful.

32. As a direct and proximate result of Defendant's failure to pay wages, its hourly employees, including Plaintiffs, have suffered damages in the form of lost wages and lost use of such wages.

### Count II: Violation of the New Mexico Public Employees Retirement Act

33. Plaintiffs incorporate herein the previous allegations of this Complaint.

34. Defendant has a duty to accurately report Plaintiffs; wages to the Public Employees Retirement Association under the Public Employees Retirement Act.

35. Since 2021, the Public Employees Retirement Act allows for municipal fire personnel to be credited at time and one-half for mandatory overtime hours worked and have that time included in their "salary". *See* NMSA 1978, § 10-11-2(V) (2024) (providing since the 2021 amendments that "salary" does not include overtime "unless the overtime payment is required for a regular scheduled tour of duty as set forth in Section 207(k) of Title 29 of the United States Code and is made on the regular payroll for the period represented by that payment").

36. Because Plaintiffs are misclassified, Plaintiffs have not had their wages properly reported and credited under the Public Employees Retirement Act.

37. As a direct and proximate result of Defendant's misclassification of the Battalion Chiefs and failure to properly report wages, Plaintiffs have suffered damages in an amount to be determined at trial.

### Count III: Unjust Enrichment

38. Plaintiffs incorporate herein the previous allegations of this Complaint.

39. Plaintiffs are entitled to payment for all hours worked for Defendant.

40. Defendant failed to pay Plaintiffs for all hours worked, retained the fruits of Plaintiffs and others labor, and retained the monies that should have been paid to Plaintiffs for hours worked.

41. Defendant was unjustly enriched by its refusal to pay Plaintiffs for all hours worked and benefited at Plaintiffs expense.

42. Defendant should be required to disgorge this unjust enrichment.

### JURY DEMAND

43. This case should be heard before a jury.

### RELIEF REQUESTED

WHEREFORE, Plaintiffs pray that:

    a. This matter be heard before a jury;

    b. The Court award Plaintiffs back wages;

    c. The Court award Plaintiffs statutory damages;

    d. The Court award Plaintiffs compensatory damages;

    e. The Court award Plaintiffs punitive damages;

  f. The Court award Plaintiffs reasonable attorney's fees and costs as provided by law;

  g. The Court order Defendant cease their unlawful practices;

  h. The Court award Plaintiffs such other and further relief as may be necessary and appropriate.

Dated: November 11, 2025

Respectfully submitted,

**YOUTZ AND VALDEZ, P.C.**

   */s/ Grace Rhodehouse Barberena*
Shane C. Youtz
shane@youtzvaldez.com
Stephen Curtice
stephen@youtzvaldez.com
James A. Montalbano
james@youtzvaldez.com
Grace Rhodehouse Barberena
grace@youtzvaldez.com
900 Gold Ave. SW
Albuquerque, NM 87102
(505) 244-1200 – Telephone

*Counsel for Plaintiffs*